# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANJEEV BATRA, et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-00732-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Michael B. Williams is a civil detainee appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on June 12, 2017. Local Rule 302.

Currently before the Court is Plaintiff's complaint, filed May 26, 2017.

**I.**

**SCREENING REQUIREMENT**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

1

do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The pleadings of detainees are construed liberally and are afforded the benefit of any doubt. Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989), and "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Also, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff originally filed a civil rights complaint against medical doctor Defendant Sanjeev Batra on December 30, 2016, alleging unlawful confinement in the hospital medical unit, improper medical treatment, and retaliation. The action was dismissed on March 6, 2017, which is pending appellate review.

On April 6, 2017, Defendant Batra conspired with Defendant Underwood, and various other hospital officials to violate Plaintiff's constitutional rights by mixing his Lantus and Humalog insulins with other unknown chemicals in retaliation for Plaintiff's prior complaint regarding the improper medical treatment.

//
//

# III.

# DISCUSSION

### A. Retaliation

A viable claim of retaliation by a civil detainee entails five elements: (1) the plaintiff engaged in protected conduct; (2) an assertion that a state actor took some adverse action against the plaintiff; (3) the adverse action was "because of" the plaintiff's protected conduct (i.e., "retaliatory motive"); (4) the adverse action "would chill or silence a person or ordinary firmness from future First Amendment activities;" and (5) the action did not reasonably advance a legitimate correctional goal. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's conclusory claim of retaliatory motive in allegedly mixing his insulins is insufficient to give rise to a claim for retaliation. There are no facts from which the Court can infer that Defendants acted out of retaliation. Plaintiff's bare assertion that he was retaliated against falls short of supporting the claim that adverse action was taken against him. Indeed, Plaintiff's prior complaint regarding misconduct by Defendant Batra was dismissed for failure to state a cognizable claim for relief. Accordingly, Plaintiff fails to state a cognizable retaliation claim.

# IV.

# CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. .

. ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed May 26, 2017, is dismissed for failure to state a claim;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **August 2, 2017**

UNITED STATES MAGISTRATE JUDGE