UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>SANJEEV BATRA, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-00732-SAB (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>[ECF No. 8] |

Plaintiff Michael B. Williams is a state civil detainee appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on June 12, 2017. Local Rule 302.

Currently before the Court is Plaintiff's first amended complaint, filed August 17, 2017.

**I.**

**SCREENING REQUIREMENT**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

1

do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The pleadings of detainees are construed liberally and are afforded the benefit of any doubt. Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989), and "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Also, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff originally filed a civil rights complaint against medical doctor Defendant Sanjeev Batra on December 30, 2016, alleging unlawful confinement in the hospital medical unit, improper medical treatment, and retaliation. The action was dismissed on March 6, 2017, which is pending appellate review.

On April 6, 2017, Defendant Batra conspired with Defendant Underwood, and various other hospital officials to violate Plaintiff's constitutional rights by mixing his Lantus and Humalog insulins with other unknown chemicals in retaliation for Plaintiff's prior complaint regarding the improper medical treatment.

On April 23, 2017, Plaintiff got into a head argument with Defendant Underwood regarding his tempering with his insulins. On April 24, 2017, Plaintiff appeared before the unit-2, team committee

to gain the return of his access to his hall-card which was put on hold by Underwood on April 23, 2017. The only question asked of Plaintiff by hospital Psychologist, Brett Follett, is whether Plaintiff was going to physically retaliate against Underwood for his involvement in mixing Plaintiff's insulins.

Plaintiff seeks punitive damages in the amount of fifteen million dollars.

## III.

## DISCUSSION

### A.    Retaliation

A viable claim of retaliation by a civil detainee entails five elements: (1) the plaintiff engaged in protected conduct; (2) an assertion that a state actor took some adverse action against the plaintiff; (3) the adverse action was "because of" the plaintiff's protected conduct (i.e., "retaliatory motive"); (4) the adverse action "would chill or silence a person or ordinary firmness from future First Amendment activities;" and (5) the action did not reasonably advance a legitimate correctional goal. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Retaliation is not established simply by showing adverse action by a defendant after protected speech; rather, Plaintiff must allege sufficient facts to plausibly suggest a connection between the two. See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this"). Therefore, although "the timing and nature" of an allegedly adverse action may "properly be considered" as circumstantial evidence of retaliatory motive, the official alleged to have retaliated must also be alleged to have been aware of the prisoner's protected conduct. See Sorrano's Gasco, Inc. v. Morgan, 874 F.3d 1310, 1315-16 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995); Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014) (noting that "mere speculation that defendants acted out of retaliation is not sufficient" and affirming judgment where there was "nothing in the record to indicate [defendant] even knew about [an] earlier [law]suit.")

Plaintiff's conclusory claim of retaliatory motive in allegedly mixing his insulins is insufficient to give rise to a claim for retaliation. There are no facts from which the Court can infer that Defendants acted out of retaliation. Plaintiff's bare assertion that he was retaliated against falls short of supporting the claim that adverse action was taken against him. Indeed, Plaintiff's prior complaint

regarding misconduct by Defendant Batra was dismissed for failure to state a cognizable claim for relief. Thus, at the time of the alleged retaliation the action had been dismissed by the Court on March 6, 2017, for failure to state a cognizable claim for relief. Plaintiff's claim is not plausible because it is based solely on the unsupported assumption that Defendant Batra knew about the previous lawsuit. Accordingly, Plaintiff fails to state a cognizable retaliation claim.

### B. Consent to Magistrate Judge Jurisdiction

Plaintiff objects to the authority of the undersigned Magistrate Judge to dismiss the case for failure to state a cognizable claim because there has been no consent by Defendants. (Compl. at 4-5.) Plaintiff is mistaken.

On June 12, 2017, Plaintiff filed a signed consent to jurisdiction of a United States Magistrate Judge, dated June 7, 2017. (ECF No. 5.) Plaintiff checked the box yes, "[t]he undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case." (Id.)

"Upon the consent of the parties," a Magistrate Judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Plaintiff is the only "party" to the proceeding to date, and he has voluntarily consented to the jurisdiction of the undersigned United States Magistrate Judge. Defendants have not been served because pursuant to the Court's screening authority he has not stated a cognizable claim for relief to warrant a response. See, e.g., Travelers Cas. & Sur. Co. of Am. V. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.") When, as here, Plaintiff has voluntarily consented to Magistrate Judge jurisdiction and the Defendants have neither been served with process nor appeared in the action, a Magistrate Judge may properly exercise consent jurisdiction over the case pursuant to section 636(c)(1), including by ordering dismissal of the action for failure to state a cognizable claim for relief. See Wilhelm v. Rotman, 680 F.3d 1113, 1119-21 (9th Cir. 2012) (holding that magistrate judge had jurisdiction to dismiss a prisoner's civil rights action, sua sponte and pursuant to 28 U.S.C. § 1915A, when the prisoner voluntarily consented by filing out the proper form, and no defendant had yet been served in the action); see also Neals v. Norwood, 59 F.3d 530, 532 (5th

4

Cir. 1995) ("The record does not contain a consent from the defendants. However, because they had not been served, they were not parties to this action at the time the magistrate entered judgment. Therefore, lack of written consent from the defendants did not deprive the magistrate judge of jurisdiction in this matter.") Accordingly, there is no merit to Plaintiff's claim that the undersigned Magistrate Judge does not have the authority to dismiss the action for failure to state a cognizable claim for relief.

### IV.

### CONCLUSION AND ORDER

Plaintiff's first amended complaint fails to state a cognizable claim for relief. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a due process violation or access to the court, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for Plaintiff's failure to state a claim upon which relief may be granted; and

2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **August 18, 2017**

UNITED STATES MAGISTRATE JUDGE