# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANJEEV BATRA, et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-00732-SAB (PC)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF Nos. 8, 19] |

Plaintiff Michael B. Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the original complaint on May 26, 2017. On August 2, 2017, the Court dismissed Plaintiff's complaint with leave to amend for failure to state a cognizable claim for relief. (ECF No. 7.) Plaintiff filed a first amended complaint on August 17, 2017. (ECF No. 8.) On August 21, 2017, the undersigned dismissed the action for failure to state a cognizable claim for relief and judgment was entered. Plaintiff filed a notice of appeal on September 5, 2017. (ECF No. 13.)

On January 25, 2018, the Ninth Circuit Court of Appeals vacated and remanded the action to this Court. (ECF No. 18.) Specifically, the Ninth Circuit found that because all the parties, including

unserved defendants, had not consented to proceed before the magistrate judge, the order was vacated and the case was remanded for further proceedings pursuant to Williams v King, 875 F.3d 500, 503-04 (9th Cir. 2017). (Id.)

## I.

## SCREENING REQUIREMENT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The pleadings of detainees are construed liberally and are afforded the benefit of any doubt. Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989), and "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Also, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.

**COMPLAINT ALLEGATIONS**

Plaintiff originally filed a civil rights complaint against medical doctor Defendant Sanjeev Batra on December 30, 2016, alleging unlawful confinement in the hospital medical unit, improper medical treatment, and retaliation. The action was dismissed on March 6, 2017, which is pending appellate review.

On April 6, 2017, Defendant Batra conspired with Defendant Underwood, and various other hospital officials to violate Plaintiff's constitutional rights by mixing his Lantus and Humalog insulins with other unknown chemicals in retaliation for Plaintiff's prior complaint regarding the improper medical treatment.

On April 23, 2017, Plaintiff got into a head argument with Defendant Underwood regarding his tempering with his insulins. On April 24, 2017, Plaintiff appeared before the unit-2, team committee to gain the return of his access to his hall-card which was put on hold by Underwood on April 23, 2017. The only question asked of Plaintiff by hospital Psychologist, Brett Follett, is whether Plaintiff was going to physically retaliate against Underwood for his involvement in mixing Plaintiff's insulins.

Plaintiff seeks punitive damages in the amount of fifteen million dollars.

**III.**

**DISCUSSION**

**A. Retaliation**

A viable claim of retaliation by a civil detainee entails five elements: (1) the plaintiff engaged in protected conduct; (2) an assertion that a state actor took some adverse action against the plaintiff; (3) the adverse action was "because of" the plaintiff's protected conduct (i.e., "retaliatory motive"); (4) the adverse action "would chill or silence a person or ordinary firmness from future First Amendment activities;" and (5) the action did not reasonably advance a legitimate correctional goal. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Retaliation is not established simply by showing adverse action by a defendant after protected speech; rather, Plaintiff must allege sufficient facts to plausibly suggest a connection between the two. See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this"). Therefore,

3

although "the timing and nature" of an allegedly adverse action may "properly be considered" as circumstantial evidence of retaliatory motive, the official alleged to have retaliated must also be alleged to have been aware of the prisoner's protected conduct. See Sorrano's Gasco, Inc. v. Morgan, 874 F.3d 1310, 1315-16 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995); Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014) (noting that "mere speculation that defendants acted out of retaliation is not sufficient" and affirming judgment where there was "nothing in the record to indicate [defendant] even knew about [an] earlier [law]suit.")

Plaintiff's conclusory claim of retaliatory motive in allegedly mixing his insulins is insufficient to give rise to a claim for retaliation. There are no facts from which the Court can infer that Defendants acted out of retaliation. Plaintiff's bare assertion that he was retaliated against falls short of supporting the claim that adverse action was taken against him. Indeed, Plaintiff's prior complaint regarding misconduct by Defendant Batra was dismissed for failure to state a cognizable claim for relief. Thus, at the time of the alleged retaliation the action had been dismissed by the Court on March 6, 2017, for failure to state a cognizable claim for relief. Plaintiff's claim is not plausible because it is based solely on the unsupported assumption that Defendant Batra knew about the previous lawsuit. Accordingly, Plaintiff fails to state a cognizable retaliation claim.

### B. Motion for Appointment of Counsel

Plaintiff seeks appointment of counsel in this action. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily.

While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exceptional circumstances exist and here, they do not. In particular, for the reasons set forth above, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. As a result, the Court is precluded from making a finding that Plaintiff is likely to succeed on the merits. Accordingly, Plaintiff's motion for appointment of counsel is denied.

## IV.

## CONCLUSION AND RECOMMENDATION

Plaintiff's first amended complaint fails to state a cognizable claim for relief. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a due process violation or access to the court, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 19), is denied.

///

Further, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Finally, for the reasons explained above, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim for which relief may be granted.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 20, 2018**

UNITED STATES MAGISTRATE JUDGE